**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO. 8:05-CR-0530-T-30EAJ**

**HERBERT FERRELL, JR.**
_____/

**REPORT AND RECOMMENDATION**

Before the court is Defendant's **Motion for Leave to Appeal In Forma Pauperis** (Dkt. 716).[1]

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of an appeal without prepayment of fees by a person who submits an affidavit demonstrating an inability to pay such fees. However, "the court shall dismiss [a] case at any time if the court determines that ... the action or appeal ... is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i).

On December 15, 2010, the court entered a First Amended Judgment (amending forfeiture language) and denied Defendant's Motion to Release Money Judgment and Issue Satisfaction of Money Judgment (Dkt. 701, 702). Defendant filed a motion to produce transcripts on February 24, 2011, which the court denied the next day (Dkt. 713, 714). On March 17, 2011, Defendant filed a notice of appeal as to the above-referenced judgment/orders (Dkt. 715).

Defendant had fourteen days to file a notice of appeal as to the December 15, 2010 amended judgment and order. See Fed. R. App. P. 4(b)(1)(A)(i); see also United States v. Vicaria, 963 F.2d 1412, 1413-14 (11th Cir. 1992). Nonetheless, his notice of appeal was filed on March 17, 2011, ninety-two days later. Even assuming Defendant showed excusable neglect or good cause, this court

_____

[1] Although Defendant has not actually filed a motion, Defendant's affidavit of indigency is construed as a motion for leave to appeal in forma pauperis.

could extend the deadline for Defendant's notice of appeal no more than thirty days.  See Fed. R. App. P. 4(b)(4).  Because Defendant's notice of appeal was filed more than thirty days after Rule 4(b)'s fourteen-day deadline, the untimeliness of his appeal cannot be excused as to the December 15, 2010 judgment and order.  See United States v. Millsap, 304 F. App'x 832, 834 (11th Cir. 2009) (per curiam) (unpublished).

Defendant's notice of appeal was also untimely as to the February 25, 2011 order denying his motion to produce transcripts.  Although the court could extend the deadline for the notice of appeal as to this order, Defendant has not shown excusable neglect or good cause justifying such an extension.  Therefore, the untimeliness of his notice of appeal should not be excused as to the February 25, 2011 order.

Because Defendant's notice of appeal is not timely as to the challenged judgment/orders, the appeal should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Accordingly and upon consideration, it is **RECOMMENDED** that:

(1)     Defendant's Motion for Leave to Appeal In Forma Pauperis (Dkt. 716) be **DENIED.**


**Date: May 16, 2011**

ELIZABETH A JENKINS
United States Magistrate Judge


### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of this service shall bar an aggrieved party

from attacking the factual findings on appeal.  <u>See</u> 28 U.S.C. § 636(b)(1).


Copies to:
Counsel of Record
District Judge